# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

GREGORY BERNARD BLAKE,

                Plaintiff,

-vs-                                    Case No. 6:08-cv-1702-Orl-GJK

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
_____

## MEMORANDUM OF DECISION

Gregory Bernard Blake (the "Claimant"), appeals to the district court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for benefits. *See* Doc. No. 1. Claimant maintains that the Commissioner's final decision should be reversed and remanded because the Administrative Law Judge (the "ALJ") did not apply the correct legal standards when he found Claimant not disabled because Claimant could perform "past relevant work" ("PRW") as a kitchen helper. Claimant also maintains that the ALJ erred by failing to adequately consider the side-effects of Claimant's medications on his ability to work, and by failing to make a finding about the extent to which Claimant's obesity limits Claimant's ability to work. For the reasons set forth below, it is ordered that the Commissioner's decision is **AFFIRMED**.

## I.    BACKGROUND

Claimant was born on February 16, 1963, and he has a high school education. R. 90, 110. Claimant's employment experience in the past fifteen years includes working as a "daytime

chief officer" from 2000-2004 at a restaurant, the duties of which included working as a dishwasher, and working as a dishwasher/kitchen-helper for two months in 2005. R. 108, 111, 113, 151, 384, 400-002.[1] During 2000-2004, Claimant was paid $280.00 per week. R. 108. During the two months Claimant worked in 2005 as a dishwasher/kitchen-helper, he worked six hours a day, three days a week, and was paid $125.00 per week. R. 108. Claimant states that he lost both jobs because he was hearing voices. R. 151, 385, 390.[2]

On August 9, 2005, Claimant filed an application for a supplemental security income alleging a disability onset date as of April 25, 2005. R. 90.[3] Claimant alleges disability due to epilepsy, paranoid schizophrenia, back problems, hypertension, and diabetes. R. 71, 82. On an undated form, Claimant states that he is taking Haldol 100mg for paranoid schizophrenia, Lisinopril for hypertension, Cogentin for "side affects," and Hydrochlorothiazide for hypertension. R. 150. Claimant reports that he has taken Haldol and Cogentin since 1989. R. 150. In an October 24, 2005 Function Report completed by Claimant's mother, she states that he is taking Hydrochlorothiazide and Lisinopril. R. 133.[4] In an undated Function Report completed by Claimant, he reports that he sometimes forgets to take his medications. R. 123.[5]

Claimant's application was denied initially and upon reconsideration. R. 68-71, 78-82. On March 7, 2008, a hearing was held before ALJ William Greer. R. 381-404. Claimant and

---

[1] In his capacity as "daytime chief officer," Claimant would cook, wash dishes, and supervise about thirteen employees. R. 384, 400.
[2] Claimant has also worked as a "houseman" or a janitor for an hour and a half per day, five days a week, while incarcerated in the Department of Corrections. R. 388. In his decision, the ALJ specifically found that Claimant's work as a "houseman" was not substantial gainful activity. R. 19.
[3] In his decision, the ALJ states that Claimant filed his application on July 13, 2005. R. 12. However, the application is dated August 9, 2005. R. 90.
[4] Hydrochlorothiazide and Lisinopril are diuretics manufactured by Mylan Pharmaceuticals. *See Physician's Desk Reference* (64 ed. 2010) at 2334; *see also* http://www.mylanpharms.com/product. In her Function Report, Claimant's mother also states that Claimant sometimes needs to be reminded to take his medications. R. 126, 128.
[5] In Claimant's August 24, 2007 Disability Report, however, he stated that he was not currently taking any medications and, therefore, was not experiencing any medication side-effects. R. 110, 112.

vocational expert Jackson McKay (the "VE") testified at the hearing. R. 381-404. Claimant testified that he is currently taking Haldol and Cogentin and they help because he no longer hears voices. R. 386-87, 394-95.[6] Claimant testified that Haldol makes him sleepy. R. 387. However, Claimant testified that if he continues to take his medications, he could do his prior work at the restaurant except for heavy lifting. R. 395-99. Claimant stated he could not lift over fifty (50) pounds. R. 395.

During the hearing, the follow exchange occurred between the ALJ and the VE:

> Q. Please give me a brief assessment of the jobs the Claimant performed within the last 15 years.
> A. Yes, sir. The job that he discussed some, where he was the cook in a restaurant and supervised the other workers, I believe that would be a restaurant cook. That's 315.371-010, medium, SVP of six which is skilled. And then I – there was also an indication in the record he worked as a kitchen helper at some point. That's at DOT – it's 318.687-010, medium, SVP of two, unskilled.
> Q. I want you to assume an individual 45 years old with a work background and education as testified to by the Claimant. I can't recall if he covered that in his testimony, but I have it here, the 12th grade education.
> A. Yes, sir.
> Q. I want you to assume the individual can sit up to eight hours per day; stand or walk up to six hours per day; lift up to 50 pounds occasionally, 25 pounds frequently; occasional bending, stooping, crawling, stairs, crouching, or kneeling; no ladders, ropes, or scaffolds; no activity around unprotected heights; and no work around moving and hazardous machinery. Also assume that the work would need to be low to moderate stress and not fast paced. Could such an individual perform any of the past work of the Claimant?
> A. I . . . would eliminate the cook. I think that that can be fast paced. But I think the dishwasher or, or –
> Q. Kitchen helper?
> A. - - the kitchen helper, which is a dishwasher as well. It's all included in the same title as – would be compatible with

---

[6] Claimant also stated that he takes insulin for diabetes. R. 391.

>           this hypothetical.
>     Q.    Okay.

R. 401-03. Thus, the VE testified that a kitchen helper is equivalent to a dishwasher. *Id*. At the hearing, Claimant never raised any issue regarding obesity even though his counsel specifically asked the Claimant if there were any other issues that had not been discussed before the ALJ. R. 391-93.

On April 15, 2008, the ALJ issued a decision finding Claimant not disabled. R. 10-23. The ALJ made the following significant findings:

1. The Claimant has not engaged in substantial gainful activity since July 13, 2005, the application date;

2. The Claimant has the following severe impairments: diabetes mellitus; hypertension; paranoid schizophrenia; depressive disorder; alcohol abuse in remission; and cocaine dependence in remission;

3. The Claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments;

4. After careful consideration of the entire record, the undersigned finds that the Claimant has the residual functional capacity to perform a restricted range of medium exertional work. He can lift 50 pounds occasionally and 25 pounds frequently, sit for eight hours per day and stand or walk for six hours per day. The Claimant can occasionally bend, stoop, crawl, crouch, kneel or climb stairs. He is precluded from climbing ladders, ropes or scaffolds and cannot work around hazardous machinery or unprotected heights. The Claimant can tolerate low-to-moderate stress and cannot work in a fast-paced environment;

5. <u>The Claimant is capable of performing [PRW] as a kitchen helper</u>. This work does not require the performance of work-related activities precluded by the Claimant's [RFC]; and

6. The Claimant has not been under a disability, as defined by the Social Security Act, since July 13, 2005, the date the application was filed.

*Id.* (emphasis added). Thus, at step-four of the sequential evaluation process, the ALJ determined that Claimant had PRW as a kitchen helper. R. 21-22. More specifically, the ALJ

stated the following:

> The [VE] testified that the [C]laimant's [PRW] consisted of a restaurant cook . . ., a medium exertional job . . . (skilled) and a kitchen helper . . ., a medium exertional job . . . (unskilled). [The VE] stated that the requirements of a low-stress, not fast paced environment would preclude the [C]laimant from returning to work as a restaurant cook but he could return to work as a kitchen helper. The [VE] stated his testimony was consistent with the DOT. The undersigned finds that the [C]laimant can perform his [PRW] as a kitchen helper both as it is actually and generally performed. . . .

R. 21-22. Thus, the ALJ determined that Claimant has two types of PRW's, a restaurant cook and a kitchen helper. R. 21-22. The ALJ found that Claimant's RFC precluded his performance as a restaurant cook. R. 21-22. However, Claimant's RFC would allow him to return to his PRW as a kitchen helper. R. 22. Thus, because Claimant could return to PRW as kitchen helper, the ALJ found that the Claimant is not disabled. R. 22.

Regarding Claimant's medications, the ALJ stated:

> The [C]laimant was diagnosed with diabetes mellitus and hypertension which have been controlled by medication. The [C]laimant's schizophrenia symptoms are controlled by medication. The [C]laimant functions well so long as he takes his medication.

R. 12. The ALJ also noted that the Claimant testified that his medications cause sleepiness, but specifically found that the medical record does not corroborate Claimant's allegations. R. 20.[7]

After the ALJ's decision, the Claimant requested review by the Appeals Council, but the Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. R. 3-6. On October 3, 2008, Claimant filed an appeal before this Court. Doc. No. 1.

---

[7] In his decision, the ALJ found that Claimant's subjective statements were not entirely credible. R. 20. Claimant has not challenged the ALJ's credibility determination on appeal. Doc. No. 13.

## II. THE PARTIES' POSITIONS

The Claimant assigns three errors to the Commissioner. Doc. No. 13. First, the ALJ did not apply the correct legal standards when he found that Claimant has PRW as a kitchen helper. Doc. No. 13 at 6-9. More specifically, Claimant alleges that his work as kitchen helper fails to constitute substantial gainful activity and, therefore, cannot be considered PRW. *Id*. Second, Claimant asserts that the ALJ erred by failing to adequately consider the side-effects of Claimant's medications when determining his ability to work. Doc. No. 13 at 9-13. Finally, Claimant maintains that the ALJ erred by failing to make any findings regarding Claimant's obesity and its effect on his ability to perform basic work skills. R. 13-17. Thus, Claimant requests that the Court reverse and remand the case for an award of benefits or, alternatively, to remand the case to the Commissioner.

The Commissioner maintains that substantial evidence supports the ALJ's decision. Doc. No. 14 at 1-11. First, the Commissioner asserts that the ALJ properly utilized the VE testimony to find that Claimant's PRW as a kitchen helper is within his RFC. Doc. No. 14 at 7. Thus, the Commissioner maintains that Claimant had PRW as a kitchen helper. *Id*. ("[Claimant] failed to prove that his work as kitchen helper was not [PRW]."). Doc. No. 14 at 8-9. Second, the Commissioner maintains that the ALJ specifically considered Claimant's allegations of side-effects from medications and the medical record does not support Claimant's allegations of significant side-effects. Doc. No. 14 at 6-7. Finally, the Commissioner maintains that Claimant failed to meet his burden showing that his obesity was a severe impairment or affected his ability to work. Doc. No. 14 at 4- 6. Thus, the Commissioner requests that the final decision be affirmed.

### III. LEGAL STANDARDS

#### A. THE ALJ'S FIVE-STEP DISABILITY ANALYSIS

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 CFR §§ 404.1520(a), 416.920(a). The steps are followed in order. If it is determined that the claimant is or is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

At step one, the ALJ must determine whether the claimant is engaging in substantial gainful activity. 20 CFR §§ 404.1520(b), 416.920(b). Substantial gainful activity ("SGA") is defined as work activity that is both substantial and gainful. "Substantial work activity" is work activity that involves performing significant physical or mental activities. 20 CFR §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually performed for pay or profit, whether or not a profit is realized. 20 CFR §§ 404.1572(b), 416.972(b). Generally, if an individual has earnings from employment or self-employment above a specific level set out in the regulations, it is presumed that he has demonstrated the ability to engage in SGA. 20 CFR §§ 404.1574, 404.1575, 416.974, 416.975. If an individual is not engaging in SGA, the analysis proceeds to the second step.

At step two, the ALJ must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 CFR §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 CFR § 404.1521. An impairment or combination of impairments is "not severe"

when medical or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 CFR §§ 404.1521, 416.921.

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). The ALJ must evaluate a disability claimant as a whole person, and not in the abstract as having several hypothetical and isolated illnesses. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993). Accordingly, the ALJ must make it clear to the reviewing court that the ALJ has considered all alleged impairments, both individually and in combination, and must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. *See Jamison v. Bowen*, 814 F.2d 585, 588-89 (11th Cir. 1987); *Davis*, 985 F.2d at 534. A mere diagnosis is insufficient to establish that an impairment is severe. *See Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002) (citing *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)). A claimant has the burden of proof to provide substantial evidence establishing that a physical or mental impairment has more than a minimal effect on a claimant's ability to perform basic work activities. *See Bridges v. Bowen*, 815 F.2d 622, 625-26 (11th Cir. 1987). However, a remand is required where the record contains a diagnosis of a severe condition that the ALJ failed to consider properly. *Vega v. Comm'r*, 265 F.3d 1214, 1219 (11th Cir. 2001). If the claimant does not have a severe medically determinable impairment or combination of impairments, he is not disabled. If the claimant has a severe impairment or combination of impairments, the analysis

proceeds to the third step.

At step three, it must be determined whether the claimant's impairment or combination of impairments meets or medically equals the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listing(s)"). 20 CFR §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. If the claimant's impairment or combination of impairments meets or medically equals the criteria of a Listing and meets the duration requirement (20 CFR §§ 404.1509, 416.909), the claimant is disabled. If it does not, the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the claimant's RFC. 20 CFR §§ 404.1520(e), 416.920(e). An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments. In making this finding, the ALJ must consider all of the claimant's impairments, including those that may not be severe. 20 CFR §§ 404.1520(e), 404.1545, 416.920(e), 416.945.

Next, the ALJ must determine step four, whether the claimant has the RFC to perform the requirements of his past relevant work. 20 CFR §§ 404.1520(f), 416.920(f); *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997). The ALJ makes this determination by considering the claimant's ability to lift weight, sit, stand, push, and pull. *See* 20 C.F.R. § 404.1545(b). The claimant has the burden of proving the existence of a disability as defined by the Social Security Act. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). If the claimant is unable to establish an impairment that meets the Listings, the claimant must prove an inability to perform the claimant's past relevant work. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). The

term past relevant work means work performed (either as the claimant actually performed it or as it is generally performed in the national economy) within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the claimant to learn to do the job and have been SGA. 20 CFR §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the claimant has the RFC to do his past relevant work, the claimant is not disabled. If the claimant is unable to do any past relevant work, the analysis proceeds to the fifth and final step.

At the last step of the sequential evaluation process (20 CFR §§ 404.1520(g), 416.920(g)), the ALJ must determine whether the claimant is able to do any other work considering his RFC, age, education and work experience. In determining the physical exertional requirements of work available in the national economy, jobs are classified as sedentary, light, medium, heavy, and very heavy. 20 CFR § 404.1567. If the claimant is able to do other work, he is not disabled. If the claimant is not able to do other work and his impairment meets the duration requirement, he is disabled. Although the claimant generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Social Security Administration. In order to support a finding that an individual is not disabled at this step, the Social Security Administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the RFC, age, education and work experience. 20 CFR §§ 404.1512(g), 404.1560(c), 416.912(g), 416.960(c).

B.     THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord*, *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

IV.    ANALYSIS

A.  Whether the ALJ Failed to Apply Correct Legal Stands at Step Four

Claimant alleges that the ALJ erred at step four in the sequential process by determining that Claimant had PRW as a kitchen helper because Claimant's work as a kitchen helper cannot be considered PRW because it was not SGA. Doc. No. 13 at 6-9. Claimant maintains that this is

an error of law and requires reversal.

Under the regulations, PRW is: 1) work that a claimant has done in the past fifteen year; 2) work that lasted long enough for the claimant to learn it; and 3) work that was SGA. 20 CFR § 416.965(a) ("We consider that your work experience applies when it was done within the last 15 years, lased long enough for you to learn to do it, and was substantial gainful activity."); *see also Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). In the Eleventh Circuit, PRW must have been SGA or it cannot be considered. *Vaughn v. Heckler*, 727 F.2d 1040, 1042 (11th Cir. 1984). 20 CFR § 416.974(b) provides that if a claimant is earning an average of more than $700.00 per month, that claimant may be consider to be engaging in SGA. *Id*. Moreover, 20 CFR § 416.974(c) provides the following: "Ordinarily, work you have done will not show that you are able to do [SGA] if, after working for a period of 6 months or less, your were forced by your impairment to stop working or to reduce the amount of work you do so that your earnings from such work fall below the [SGA] earnings level in paragraph (b)(2) of this section. . . ." *Id*.

In *Vaughn*, 727 F.2d at 1042, the ALJ found that the claimant had PRW as a maid and the Eleventh Circuit held the following:

> It is undisputed that Vaughn's current job as a maid is not "substantial activity." Her work has always been compensated at a level significantly below the earnings level at which work becomes gainful. . . . Because her past work has not been substantial, it was an error of law to conclude that her performance of it disqualifies her from receipt of disability benefits.

*Id*. Thus, it is an error of law for an ALJ to determine a claimant has PRW when such work does not constitute SGA. *Id*.

In the present case, the record shows that Claimant worked as a kitchen helper or dishwasher for four years between 2000 and 2004 and was paid $280.00 per week or $1,120.00

per month. R. 108. The record also shows that Claimant worked as a kitchen helper or dishwasher for two months in 2005 and was paid $125.00 per week or $500.00 per month. R. 108. Thus, from 2000 through 2004, Claimant was paid more than $700.00 per month, which is above the earnings level set forth in regulations. *See* 20 CFR 416.974(b). Therefore, Claimant's work as kitchen helper was SGA. Accordingly, because Claimant's work as a kitchen helper was done in the past fifteen years, lasted long enough for Claimant to learn the job, and was SGA, the ALJ did not err at step-four by determining the Claimant had PRW as a kitchen helper. *See* 20 CFR § 416.965(a).

### B. **Side-Effects**

Claimant argues that the ALJ erred by failing to consider the side-effects of Claimant's medications on his ability to work as required by *Cowart v. Schweiker*, 662 F.2d 731, 737 (11th Cir. 1981). Doc. No. 13 at 9-13. In *Cowart*, 662 F.2d at 737 (11th Cir. 1981), the Eleventh Circuit held that the ALJ failed in his duty to fully develop the record because "'[a]t [the] very least, the administrative law judge should have made a finding on appellant's claim regarding side effects, making it possible for a reviewing tribunal to know that the claim was not entirely ignored.'" *Id.* (quoting *Figueroa v. Secretary of HEW*, 585 F.2d 551, 554 (1st Cir. 1978)). Accordingly, the Eleventh Circuit has stated that "an ALJ has a duty to investigate the possible side effects of medications taken by a claimant," because "'[i]t is conceivable that the side effects of medication could render a claimant disabled or at least contribute to a disability.'" *McDevitt v. Commissioner of Social Security*, 241Fed.Appx. 615, 619 (11th Cir. 2007) (unpublished) (quoting *Cowart*, 662 F.2d at 737)).[8]

In the present case, the ALJ specifically solicited testimony regarding Claimant's side-

---

[8] In the Eleventh Circuit, unpublished opinions are not binding, but are persuasive authority.

effects. R. 387. Claimant stated that Haldol makes him sleepy. R. 387. Claimant never alleged that the side-effects of his medications prevent him from working. To the contrary, Claimant testified that if he takes his medications, he could do his prior work except for the heavy lifting. R. 395-99. In his decision, the ALJ specifically addressed Claimant's allegation that his medications cause sleepiness and found that the medical record did not support that allegation. R. 20. Thus, the ALJ did not err by failing to consider Claimant's side-effects.[9]

### C. Obesity

Claimant alleges that the ALJ erred by failing to make any findings regarding whether Claimant's obesity imposes any significant limitations on claimant's ability to work. Doc. No. 13 at 13-6. Claimant maintains that his doctors have described him as moderately obese and chronically obese. Doc. No. 13 at 14 (citing R. 172, 369). Claimant is correct that the Department of Corrections Initial Examination diagnosed Claimant with chronic obesity. R. 369.[10] The record also shows that Claimants was described as moderately obese by the consultative psychological examiner. R. 172. However, Claimant has not cited any medical record, opinion, or testimony indicating obesity limits his ability to perform basic work activities. *See* R. 157-68, 175-80, 237-380.

As set forth above, a mere diagnosis is insufficient to establish that an impairment is

---

[9] The Court notes that Claimant's memorandum fails to point to single record documenting any side-effects. *See* Doc. No. 13 at 9-13.

[10] Claimant is described as obese in a September 12, 2005, medical record from Halifax Keech Health Center. R. 177. Claimant is diagnosed as obese in a Psychiatric Progress Note from Prison Health Services. R. 239. On April 27, 2007, at an initial visit for a Diabetes Mellitus Clinic through Prison Health Services, Claimant was provided with weight loss education and counseling. R. 242. On September 27, 2007, records from the Florida Department of Corrections show that Claimant was diagnosed as obese and told he needed to lose weight. R. 309, 317. On October 3, 2007, the Florida Department of Corrections provided Claimant with education on exercising while in confinement. R. 305. On December 5, 2007, the Florida Department of Corrections diagnosed Claimant as obese and recommended that he lose weight. R. 287. On December 19, 2007, Claimant was told to increase his exercises. R. 280.

severe. *See Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002) (citing *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)). A claimant has the burden of proof to provide substantial evidence establishing that a physical or mental impairment has more than a minimal effect on a claimant's ability to perform basic work activities. *See Bridges v. Bowen*, 815 F.2d 622, 625-26 (11th Cir. 1987). In the present case, the record only reveals that Claimant was diagnosed with obesity, told to lose weight, and educated on exercises. *See* R. 157-68, 175-80, 237-380; *see also* n. 11. Based on the forgoing, the Court finds that Claimant failed to meet his burden to provide substantial evidence that his obesity has more than a minimal effect on Claimant's ability to perform basic work activities.

V.      **CONCLUSION**

For the reasons stated above, it is **ORDERED** that the Commissioner's decision is **AFFIRMED.** The Clerk is directed to enter judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Orlando, Florida on March 4, 2010.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this Order to:

Richard A. Culbertson, Esq.
3222 Corrine Drive, Suite E
Orlando, FL 32803

Susan R. Waldron
U.S. Attorney's Office
Suite 3200

400 N. Tampa St.
Tampa, Florida          33602


Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia         30303-8920

The Honorable William H. Greer
Administrative Law Judge
c/o Office of Disability Adjudication and Review
DeSoto Building, #400
8880 Freedom Crossing Trail
Jacksonville, Florida   32256-1224